THE OCEAN COUNTY UTILITIES AUTHORITY, PLAINTIFF–RESPONDENT, CROSS–APPELLANT, v. THE PLANNING BOARD OF THE TOWNSHIP OF BERKELEY, OCEAN COUNTY, NEW JERSEY, DEFENDANT–APPELLANT, CROSS–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 18, 1988—Decided March 10, 1988.

Before Judges FURMAN, BRODY and LONG.

*Edward F. Liston, Jr.,* argued the cause for appellant, cross-respondent (*Carluccio & Liston,* attorneys).

*Richard H. Woods* argued the cause for respondent, cross-appellant (*Hiering, Dupignac & Barnes,* attorneys).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

Defendant Planning Board appeals from judgment in this prerogative writ action exempting plaintiff Ocean County Utilities Authority (OCUA), because of State preemption under the

Solid Waste Management Act, *N.J.S.A.* 13:1E–1 *et seq.*, from the requirement of municipal site plan or variance approval for its proposed sludge management and recovery facility. OCUA cross-appeals from a provision of the judgment requiring it, pursuant to *N.J.S.A.* 40:55D–31, to submit the plans for its proposed facility to defendant Planning Board, which is to "assimilate the project into its master plan and make recommendations which [OCUA] may accept or reject."

■ We affirm substantially for the reasons stated by Judge Clyne in his opinion published at 221 *N.J.Super.* 621 (Law Div.1987). The comprehensiveness and pervasiveness of the State regulation and supervision of solid waste facilities is manifest not only by the Solid Waste Management Act's engineering design requirements, which Judge Clyne cites, but by its environmental and health impact statement requirements, *N.J.A.C.* 7:26–2.9, and by its requirement of approval of the proposed facility for inclusion within the County Solid Waste Management Plan, *N.J.S.A.* 13:1E–20 *et seq.*, at a suitable site. The Ocean County Solid Waste Advisory Council has granted its preliminary approval of OCUA's proposed facility in Berkeley Township.

■ At oral argument before us, defendant Planning Board argued that, at least in three respects, municipal land use objectives would not conflict with the State legislative scheme: minimizing or avoiding adverse impact from truck traffic; screening or buffering to protect surrounding property values; and limitations on the height of silos and smoke stacks. Defendant Planning Board's recommendations in these respects should be considered by OCUA and, if not in conflict with the State legislative scheme, or otherwise unreasonable, should be complied with or accommodated. We note, however, that consideration of traffic flow generated by a solid waste facility is both one of the environmental and health impact statement criteria of *N.J.A.C.* 7:26–29(c)(3)(iv) and one of the engineering design criteria of *N.J.A.C.* 7:26–2.10(b)(6) and (8); and that,

according to the testimony of the OCUA construction manager, a professional engineer, the height of the silos is dictated by storage and shipping requirements for the dried and pelletized sludge.

We affirm.